IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN PHILLIPS § § § Plaintiff, § § v. § § GREENBUSH LOGISICS, INC. § § Defendant. § § § § § | CIVIL ACTION NO.: 1:24-cv-800 JURY DEMAND |

# COMPLAINT

## I. INTRODUCTION

1. Plaintiff, John Phillips (hereafter "Phillips" or "Plaintiff") brings this action under the Americans with Disabilities Act of 1990 (hereafter "ADA"), 42 U.S.C. 12111 *et seq.* as amended. Phillips alleges in violation of the law, Defendant discriminated against him based on his disability. Phillips is entitled to equitable relief, compensatory damages, liquidated damages, punitive damages, attorneys fees and costs.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked according to the Act of Congress known as 28 U.S.C. §1331, 1343(a)(4), 2201-2202, 29 U.S.C. §§ 22601 *et seq.*, 42 U.S.C. §12117, and 42 U.S.C. §12133. Venue is proper pursuant to 28 U.S.C. §1391.

3. The unlawful employment practices alleged herein below were committed by the Defendant within Henry County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(g).

### III. PARTIES

4. Phillips is a male citizen of the United States and a resident of Alabama. At all times relevant to this Complaint, Plaintiff was an employee of Greenbush Logistics, Inc. ("Greenbush")..

5. Defendant Greenbush Logistics, Inc., ("hereafter "Greenbush" or "Defendant") is an entity subject to suit under the Americans with Disabilities Act, 42 U.S.C. §12111(5). Greenbush is an employer that engages in commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

### IV. ADMINISTRATIVE EXHAUSTION

6. Phillips timely filed his charge of discrimination based on the ADA with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment. Phillips further filed his discrimination suit within 90 days after receipt of his right-to-sue letter issued from the EEOC.

### V. STATEMENT OF FACTS

7. Phillips is disabled as the term is defined by the ADA.

8. Phillips suffers from anxiety, depression, and an eye condition, all of which affect Phillips' ability to perform one or more major life activity.

9. Phillips' anxiety and depression affect his ability to think, among other major life activities.

10. Greenbush employed Phillips as a Driver.

11. Phillips performed his job well.

12. At all times relevant to this action, Greenbush regarded Phillips as disabled.

13. Throughout Phillips' employment with Greenbush, Greenbush mandated that

Phillips be cleared to work by physicians on multiple occasions, and Phillips always complied.

14. In or around June of 2022, Greenbush mandated that Phillips take time away from work to tend to his disabilities.

15. Phillips then returned to work, and after some time, took another leave to seek medical attention.

16. After being cleared to return to work by his physicians, as well as Greenbush's physician, Phillips attempted to return to work as normal.

17. The day prior to a shift assigned to Phillips, and on or around September 9, 2022, Greenbush's Safety Manager told Phillips that the company could not allow anyone with "mental issues" to drive a truck for them.

18. Said Safety Manager instructed Phillips to meet him at Greenbush's facility the following day.

19. Phillips arrived at the facility and met with the Safety Manager.

20. The Safety Manager then collected company property from Phillips and attempted to coerce Phillips into signing a letter of resignation.

21. Phillips refused to sign the letter of resignation as he never manifested any intention to voluntarily stop working for Greenbush.

22. Greenbush then terminated Phillips' employment.

23. Greenbush refused to provide Phillips with a copy of the letter, which Greenbush drafted and printed.

24. The Safety Manager then directed Phillips to his former truck to gather personal belongings in the presence of armed security guards.

25. At the time, the truck was inside of a garage along with several of Phillips' former

co-workers.

26. The Safety Manager, Phillips, and the armed security guards entered the garage to allow Phillips to gather his belongings.

27. Phillips was humiliated at this time, as his former co-workers witnessed the events described above and saw the armed security guards accompanying Phillips.

28. After his termination, Phillips filed a Charge of Discrimination with the Equal Employment Opportunity Commission, where he claimed he was discriminated against because of his actual and/or perceived disabilities.

29. In its Position Statement submitted to the Equal Employment Opportunity Commission, Greenbush made several baseless accusations about Phillips.

30. Rather than offer Phillips a van trailer as discussed, Integrity had Phillips drive with a flatbed trailer.

31. Said flatbed trailer had many issues, and as a result, Integrity purchased another trailer for Phillips to drive in or around August 2023.

32. Phillips then noticed issues with the new trailer, and informed Integrity of the same.

33. Integrity refused to inspect or otherwise remedy the issues Phillips informed them of.

34. Instead, Integrity mandated that Phillips drive the problem trailer.

35. Integrity then terminated Phillips's employment.

36. Some or all of the cited reasons for Phillips's termination relate to the problem trailer referenced above.

37. Integrity provided Phillips other reasons for his termination, all of which were false or easily explained.

38. One example of such an assertion in Greenbush's Position Statement is that Phillips threatened suicide, which is false.

39. Another false allegation contained in Greenbush's Position Statement is the declaration that Phillips resigned from his job, which is also false.

## VI. CAUSES OF ACTION

### A. TITLE I OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12101 (DISPARATE TREATMENT)

40. Plaintiff re-alleges and incorporates by reference paragraphs 2-39 above, with the same force and effect as if fully set forth herein.

41. Defendant treated Plaintiff disparately as compared to non-disabled employees when it required him to receive multiple medical opinions to return to work and terminated his employment, among other terms and conditions of employment.

42. Defendant does not terminate non-disabled employees for reasons it allegedly terminated Plaintiff for, i.e. the Defendant's stated reasons for Plaintiff's termination are pretext for unlawful discrimination.

43. Said pretext is evident after one's review of Defendant's Position Statement and the testimony of those who overheard, or were present for, the conversation between Plaintiff and his former Safety Manager which took place around September 8, 2022.

44. Further, all proffered reasons are false and/or easily explainable.

45. Defendant acted with reckless indifference to Plaintiff's federally protected rights.

46. Because of Plaintiff's actual and/or perceived disabilities, the Defendant held him to a less favorable standard of employment.

47. As a result, Plaintiff incurred damages, including but not limited to loss of continued employment, wages, benefits, bonuses, promotional opportunities, and mental anguish,

among other terms and conditions of employment with Defendant.

### B. TITLE I OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12101, (RETALIATION)

48. Plaintiff re-alleges and incorporates by reference paragraphs 2-39 above, with the same force and effect as if fully set forth herein.

49. Defendant retaliated against Plaintiff for his requests for reasonable accommodations.

50. Said accommodations included time away from work to seek medical attention.

51. Defendant retaliated against Plaintiff when it terminated his employment within days of his last return from leave.

52. The temporal proximity between these happenings creates a presumption of retaliation.

53. Defendant's stated reasons for terminating Plaintiff are mere pretext for unlawful discrimination and retaliation.

54. As a result, Plaintiff incurred damages, including but not limited to loss of continued employment, wages, benefits, bonuses, promotional opportunities, and mental anguish, among other terms and conditions of employment with Defendant.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court will assume jurisdiction of this action and provide relief as follows:

(a) Issue a declaratory judgment that the employment practices, policies, procedures, conditions and customs that led to the discrimination by Defendants are violative of the rights of

Plaintiff as secured by, where applicable, 42 U.S.C. §12101, *et seq.*, known as the Title I of the American with Disabilities Act;

(b) Grant Plaintiff a permanent injunction enjoining Defendant, their agents, successors, employees, attorneys and those acting in concert with Defendants and at Defendant's request from continuing to violate 42 U.S.C. §12101, *et seq.* known as the Title I of the American with Disabilities Act;

(c) Issue an Order directing and requiring Defendant to pay Plaintiff damages for mental anguish, lost wages, salary, employment benefits, or other compensation reduced, denied, or lost by reason of Defendant's ADA violations, including nominal damages;

(d) Issue an Order directing and requiring Defendant to pay Plaintiff liquidated damages pursuant to ADA in an amount equal to and in addition to the amount of lost wages, salary, employment benefits, or other compensation owed to him, and punitive and compensatory damages;

(e) Issue an Order directing and requiring Defendant to place Plaintiff in a similar position to that which he previously held with seniority, or award Plaintiff front pay if no position is available, or reinstatement is not appropriate;

(f) Issue an Order directing Defendant to reimburse Plaintiff for the costs and attorney's fees expended in the course of litigating this action, and pre-judgment and post-judgment interest; and

(g) Provide Plaintiff with such other and further relief, as the Court deems just and equitable.

Dated: December 11, 2024.

/s/ Eric C. Sheffer
Eric C. Sheffer

                              **Counsel for Plaintiff**

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile:  (205) 254-1500
E-mail: esheffer@wigginschilds.com

                    **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

                                      /s/ Eric C. Sheffer
                                      **OF COUNSEL**